IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, NE<br>Washington, DC 20549<br><br>           *Plaintiff*,<br><br>-v.-<br><br>WYETH LLC,<br>Five Giralda Farms<br>Madison, NJ 07940<br><br>           *Defendant*. | 12-CV-01304 (ABJ)<br><br>**FILED**<br><br>AUG 29 2012<br><br>Clerk, U.S District & Bankruptcy<br>Courts for the District of Columbia |

## FINAL JUDGMENT AS TO DEFENDANT WYETH LLC

The Securities and Exchange Commission having filed a Complaint and Defendant Wyeth LLC ("Wyeth"), having entered a general appearance; consented to the Court's jurisdiction over Wyeth and the subject matter of this action; consented to entry of this Final Judgment (without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Wyeth admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Wyeth and Wyeth's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(b)(2)(A)], by failing

to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Wyeth.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Wyeth and Wyeth's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(b)(2)(B)], by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorizations; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Wyeth is liable for disgorgement of $17,217,831 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,658,793.91, for a total of $18,876,624.91. Wyeth shall satisfy this obligation by paying $18,876,624.91 within fourteen (14) days after entry of this Final Judgment by certified check,

bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Wyeth as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Wyeth shall simultaneously transmit photocopies of or other suitable proof of the payment of disgorgement and letter to the Commission's counsel in this action. By making this payment, Wyeth relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Wyeth. Wyeth shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that based on Wyeth's exemplary cooperation in a Commission investigation, the Court is not ordering Wyeth to pay a civil penalty. If at any time following the entry of the Final Judgment the Commission obtains information indicating that Wyeth knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to Wyeth, petition the Court for an order requiring Wyeth to pay a civil penalty. In connection with any such petition and at any hearing held on such a motion: (a) Wyeth will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Wyeth may not challenge the validity of the Final Judgment, the Consent, or any related Undertakings; (c) the allegations of the Complaint, solely

for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Wyeth shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 8/29/12

_____
UNITED STATES DISTRICT JUDGE